IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 01-51043
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ODELL ANDERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-322-ALL-EP
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Odell Anderson was convicted of possession of a stolen motor vehicle in violation of 18 U.S.C. § 2313. He appeals the district court's order denying his motion for new trial. Anderson argues that he is entitled to a new trial based on the existence of newly discovered evidence that the vehicle was not stolen but was taken at the request of the owner. He also argues that the Government failed to inform him that it was

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

investigating the validity of the stolen vehicle report filed by the vehicle's owner.

Anderson admittedly knew of the agreement prior to trial. His counsel's lack of knowledge is irrelevant. The existence of the agreement is not newly discovered evidence. The record also indicates that the Government had advised Anderson of its investigation before his trial. Regardless, because Anderson knew of the owner's intention to file a false insurance claim, the existence of the Government's investigation is immaterial. Accordingly, the district court did not abuse its discretion in denying his motion for new trial. See United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996). Because Anderson's appeal lacks arguable merit and is, therefore, frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.